# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| ROY BROWN, individually and on behalf of all others similarly situated, | Case No. _____-\_\_\_\_\_ |
| Plaintiff, | **COLLECTIVE / CLASS ACTION COMPLAINT** |
| v. | |
| DOMINO'S PIZZA, INC., a Foreign Profit Corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

**MICHAEL N. HANNA (P81462)**
**Morgan & Morgan, P.A.**
600 N Pine Island Road, Suite 400
Plantation, FL 33324
Telephone:  (954) 318-0268
Facsimile:  (954) 327-3015
mhanna@forthepeople.com
C. Ryan Morgan
FL Bar No.  15527
(*Pro Hac Vice* application forthcoming)
20 North Orange Avenue, 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
RMorgan@ForThePeople.com

Jeremiah Frei-Pearson
NY Bar No.  JF1509
(*Pro Hac Vice* application forthcoming)
Antonino B. Roman
(*Pro Hac Vice* application forthcoming)
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Telephone: (914) 298-3281
Facsimile: (845) 562-3492
jfrei-pearson@fbfglaw.com
aroman@fbfglaw.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Roy Brown ("Plaintiff"), by his undersigned attorneys, on behalf of himself and on behalf of all others similarly situated, hereby makes the following allegations against Defendant Domino's Pizza, Inc. ("Domino's" or "Defendant"), with personal knowledge as to his own actions, and upon information and belief as to those of others:

## NATURE OF THE ACTION

1.     This action seeks to redress Defendant's systematic policy and practice of paying its delivery drivers hourly wages well below the minimum required by the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*

2.     The FLSA, MWHL, and MWPCL, like virtually all wage and hour laws, require employers to provide their employees with sufficient reimbursements for employment-related expenses ("kickbacks") to ensure that employees' hourly wages equal or exceed the required minimum wage after such expenses are counted against the hourly wages.  However, Defendant systematically under-reimbursed its delivery drivers for vehicular wear and tear, gas, and other driving-related expenses, thereby ensuring that all of Defendant's delivery drivers are effectively paid well below the minimum wage.

3.     Plaintiff worked as a delivery driver for Defendant in Maryland.  In violation of the FLSA, MWHL, and MWPCL, Defendant under-reimbursed Plaintiff and his colleagues for vehicular wear and tear, gas, and other driving-related expenses, thereby effectively paying them well below the minimum wage.  Defendant continues to under-reimburse its delivery drivers, preferring to selfishly pocket excess profits rather than fairly pay its employees.

2

4.      Plaintiff brings the MWHL and MWPCL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all persons employed as delivery drivers at any store owned by Defendant in Maryland during the maximum allowable limitations period.

5.      Plaintiff brings the FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all delivery drivers Defendant employed during the maximum limitations period.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) because at least one Class member is of diverse citizenship from the Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5,000,000.

7.      This Court also has jurisdiction under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and under 28 U.S.C. § 1331 (federal questions jurisdiction), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in, and does business within, this District.

## PARTIES

9.      Defendant Domino's Pizza, Inc. ("Domino's" or "Defendant") is a foreign profit corporation organized under the laws of the State of Delaware.  Domino's is headquartered in Ann Arbor, Michigan, and operates Domino's restaurants throughout the country, including the store in the State of Maryland where Plaintiff was employed.

10.     Plaintiff Roy Brown ("Plaintiff") is an adult resident of the State of Maryland, County of Anne Arundel.  Plaintiff was formerly employed by Defendant as a delivery driver at three of its restaurants located at 110 Hillsmere Drive, Annapolis, MD; 7400 Ritchie Highway C,

Glen Burrie, MD; and 6010 Meadowridge Center Drive, Elkridge, MD.  Plaintiff worked for Defendant from approximately June 2014 to August 2014, then again from June 2015 to September 2016.  Plaintiff is a member of the Collective and the Maryland Class, as each are defined below.

## FACTUAL BACKGROUND

11.     The primary function of Domino's restaurants is to sell pizza and other foods and beverages.  Accordingly, Defendant was engaged in commerce.

12.     Domino's restaurants are employers under the FLSA, MWHL, and MWPCL.  During the relevant time period and to date, Defendant's annual profits have always been well in excess of $500,000.  Defendant paid and supervised its employees, including Plaintiff and other delivery drivers.

13.     Defendant employed delivery drivers, all of whom have the same job duty: to deliver pizzas and other food and beverages to customers.  Plaintiff and all other delivery drivers are clearly employees within the meaning of the FLSA, MWHL, and MWPCL.

14.     Some delivery drivers worked inside their restaurant during certain hours and worked as delivery drivers at other times.

15.     During Plaintiff's tenure as a Domino's employee, he consistently worked over 40 hours per week driving, with the majority of his time spent "on the road" making deliveries.

## DEFENDANT'S POLICY OF SYSTEMATICALLY
## UNDER-REIMBURSING DELIVERY DRIVERS

16.     The majority of food and drink orders placed at Defendant's restaurants are for home delivery.

17.     During a typical seven-hour shift, delivery drivers spend about four hours "on the road" making deliveries.

4

18.     Throughout the relevant period, Defendant required each of its delivery drivers to maintain and provide a safe, functioning, insured, and legally-operable automobile to make deliveries.  These vehicles, typically two- and four-door passenger cars, weigh less than 10,000 pounds.

19.     Throughout the relevant period, Defendant required its delivery drivers to bear the "out-of-pocket" costs associated with their vehicles, including costs for gasoline, vehicle depreciation, insurance, maintenance, and repairs.

20.     For decades, the Internal Revenue Service ("IRS") has calculated and published a standard mileage reimbursement rate ("IRS rate") for businesses and employees to use in computing the minimum deductible costs of operating an automobile for business purposes.

21.     In 2014, the IRS rate was $0.56 per mile; in 2015, the IRS rate was $0.575 per mile; in 2016 the IRS rate was $0.54 per mile; in 2017, the IRS rate is $0.535 per mile.

22.     Since 2010, many reputable companies that study the cost of owning and operating a motor vehicle and/or estimating reasonable reimbursement rates for vehicular travel, including the American Automobile Association, have consistently set the average cost of operating a vehicle at rates significantly higher than that set by the IRS.

23.     Defendant's delivery drivers typically experienced lower gas mileage, more rapid vehicle depreciation, and greater vehicular expenses than the average business driver because they typically drove in urban areas, in "start-and-stop" traffic, on a tight schedule, at night, and in inclement weather.

24.     Insurance providers recognize the hazards of working as a pizza delivery driver. Unsurprisingly, pizza delivery drivers pay significantly higher automobile insurance rates than

do regular drivers, and some pizza companies even provide their drivers with automobile insurance coverage. Defendant does not provide insurance for its drivers.

25.     Thus, during the relevant period, the actual "out-of-pocket" costs that Defendant's delivery drivers paid to provide a safe, functioning, insured, and legally-operable automobile for their deliveries was at least $0.535 per mile.

26.     During the relevant period, Defendant's delivery drivers made an average of approximately three deliveries per hour which required them to drive an average of 24 miles each hour (averaging eight miles per delivery), meaning they paid "out-of-pocket at least" approximately $12.84 per hour to provide, operate, and maintain their vehicles.

27.     To reimburse Plaintiff and his colleagues for their driving expenses, Defendant reimbursed them approximately $1.00 per delivery during the relevant period.

28.     Thus, Defendant would reimburse its delivery drivers approximately $3.00 for a typical hour (three deliveries per hour times $1.00 reimbursement per delivery equals $3.00 total reimbursement per hour). This $3.00 was far less than the approximately $12.84 in expenses Plaintiff and his colleagues incurred in delivering pizzas for Defendant's benefit.

29.     Defendant's systematic failure to adequately reimburse delivery drivers for their automobile expenses constitutes a kickback to Defendant, such that the hourly wages it pays and has paid to Plaintiff and other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

30.     Plaintiff and all of his colleagues were paid the tipped minimum wage for all time spent on the road as delivery drivers. Because Defendant paid the minimum wage, it was legally obligated to fully reimburse Plaintiff and his colleagues for the full amount of their driving expenses.

31.     However, Defendant's failure to fully reimburse its drivers for the full amount of their driving expenses forced the drivers' total compensation far below the applicable federal and Maryland minimum wages.   Defendant thereby enjoys ill-gained profits at the expense of its employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b) on behalf of a proposed group of similarly situated employees of Defendant, defined to include:

> All persons Defendant employed as a delivery driver during any workweek in the maximum limitations period (the "Collective").

33.     Plaintiff reserves the right to modify the proposed definition of the Collective at a later stage of litigation.

34.     Plaintiff is a member of the proposed Collective he seeks to represent because he worked for Defendant as a delivery driver during the relevant period and suffered the minimum wage violation alleged above.

35.     This action may be properly maintained as a collective action on behalf of the putative Collective because, during the relevant period:

a.  Plaintiff and the other members of the Collective had the same employers;

b.  Plaintiff and the other members of the Collective performed the same type of work;

c.  Plaintiff and the other members of the Collective were governed by the same compensation policies, practices, and systems;

d.  Plaintiff and the other members of the Collective were subjected to the same policies relating to the payment of supplemental wages to offset vehicle maintenance costs;

e.   Plaintiff and the other members of the Collective were governed by the same payroll policies, practices, and systems;

f.   Defendant's labor relations and human resources systems were centrally-organized and controlled, and controlled the policies and practices at issue in this case.

36.    Plaintiff estimates that the Collective, including both current and former employees over the relevant period, will include thousands of members.  The precise number of members should be readily available from Defendant's personnel, scheduling, time, and payroll records, and from input received from the members of the Collective as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).  Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail, e-mail, and the posting of written notices at Defendant's work sites.

## STATE LAW CLASS ACTION ALLEGATIONS

37.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of himself and the following Class of similarly-situated individuals:

> All persons Defendant employed in Maryland as a delivery driver during any workweek in the maximum limitations period (the "Maryland Class").

38.    Plaintiff reserves the right to amend the above definition, or to propose other or additional classes, in subsequent pleadings and/or motions for class certification.

39.    The Maryland Class specifically excludes Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; any officer, director, legal representative, predecessor, successor, or assignee of Defendant; and the Court and Court personnel.

40.     The Maryland Class is so numerous that joinder of all members is impracticable. The number and identity of class members may be determined by Defendant's records, but the class size very likely exceeds 100 people.

41.     There are substantial questions of fact and law common to Plaintiff and all Maryland Class members, including, *inter alia*:

a.  Whether Defendant required Plaintiff and the Maryland Class members to pay their "out-of-pocket" vehicle maintenance costs;

b.  Whether Defendant violated the MWHL and/or MWPCL by failing to pay Plaintiff and the Maryland Class members supplemental wages to offset their vehicle maintenance costs and ensure that they received more than the required minimum hourly wage;

c.  Whether Defendant was unjustly enriched by failing to properly reimburse delivery drivers; and

d.  Whether Plaintiff and other similarly situated employees of Defendant are entitled to additional wages based on a theory of unjust enrichment.

42.     Plaintiff is a member of the Maryland Class, and his claims are typical of the Maryland Class.

43.     Plaintiff will fairly and adequately protect the interests of the Maryland Class. His claims span the breadth of issues raised in this action.

44.     Plaintiff's counsels are appropriately qualified to represent the Maryland Class as Class Counsel.

45.     Joinder of the Maryland Class members' individual actions is impractical because of the limited ability of individual Maryland Class members to institute separate suits and the

general nature of the underlying action and relief sought.  The prosecution of separate actions by individual Maryland Class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendant.

46.     Defendant has acted and refused to act on grounds generally applicable to the Maryland Class, making appropriate final injunctive relief with respect to the Maryland Class as a whole.

47.     Defendant's liability for damages can be established by facts and circumstances common to the Maryland Class as a whole and does not require the examination of Plaintiff's individual circumstances.

48.     Questions of law and fact common to members of the Maryland Class predominate over any questions affecting only individual members.

49.     A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because: (A) the common interests of the Maryland Class members predominate over any individual interest in controlling prosecution or control of separate actions; (B) no similar litigation between the parties is currently pending in court; (C) concentrating litigation of this action in this Court is appropriate to ensure appropriate, consistent, and efficient resolution of the issues raised; and (D) there will be no significant difficulties in managing an action involving the Maryland Class.

### CAUSES OF ACTION

### COUNT I - VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (On Behalf Of Plaintiff And The FLSA Collective)

50.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing allegations as though fully set forth herein.

51.     Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

52.     Plaintiff and the other members of the Collective are "employees" as defined by 29 U.S.C. § 203(e)(1) and "tipped employees" as defined by 29 U.S.C. § 203(t).

53.     The wages Defendant paid to Plaintiff and the other members of the Collective are "wages" as defined by 29 U.S.C. § 203(m).

54.     The direct and supplemental wages Defendant paid to Plaintiff and the other members of the Collective are "wages" as defined by 29 U.S.C. § 203(m).

55.     Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

56.     Plaintiff and the other members of the Collective are similarly situated individuals within the meaning of 29 U.S.C. § 216(b)of the FLSA's requirements, and Plaintiff and the other members of the Collective were covered employees entitled to the FLSA's protections.

57.     This Count arises from Defendant's violation of the FLSA, 29 U.S.C. § 206(a)(1), for failing to pay Plaintiff and the other members of the Collective the required minimum wage for each hour they worked.

58.     Throughout the relevant period, the federal minimum wage rate for non-tipped employees was $7.25 per hour and the federal minimum wage rate for tipped employees was $2.83 per hour.

59.     Defendant failed to pay Plaintiff and the other members of the Collective the required minimum wage for their work "on the road."

60.     Defendant paid its delivery drivers the tipped minimum wage plus approximately $1.00 per delivery.   However, based on nationally-accepted minimum reimbursement calculations for business travel, Plaintiff and the other members of the Collective wound up having to pay "out-of-pocket" approximately $12.84 per hour to provide, operate, and maintain

their vehicles.  Since Plaintiff and the other members of the Collective experience a net *loss* of approximately $9.84 each hour they worked "on-the-road," Defendant's wage system for this work presents a clear FLSA violation.

61.     In failing to ensure that Plaintiff and the other members of the Collective received at least the tipped minimum wage rate for each hour they worked "on-the-road," Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

62.     Defendant has no good faith justification or defense for failing to pay Plaintiff and the other members of the Collective all wages mandated by the FLSA.

## COUNT II - VIOLATION OF THE MARYLAND WAGE AND HOUR LAW
### (On Behalf Of Plaintiff And The Maryland Class)

63.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing allegations as though fully set forth herein.

64.     At all relevant times, Defendant was the "employer" of Plaintiff and members of the Maryland Class as the term is defined in the MWHL, Md. Code Ann., Lab. & Empl. § 3-401.

65.     At all relevant times, Plaintiff and the Maryland Class members were Defendant's "employees" as the term is used in the MWHL, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*

66.     At all relevant times, Plaintiff and members of the Maryland Class have been entitled to the benefits, rights, and protections conferred by the MWHL, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*

67.     Depending on when they worked, Plaintiff and the Maryland Class members have been entitled to be compensated at a rate of at least $7.25 per hour.  Maryland's minimum wage was $7.25 per hour from 2009 through 2014, was $8.00 per hour from January to June 2015, was $8.25 per hour from July 2015 through July 2016, and has been $8.75 per hour since July 2016. https://www.dllr.state.md.us/labor/wages/minwagehistory.shtml.

68.     Maryland's tipped employees are entitled to receive at least the required minimum wage, except the employer may claim gratuities as a credit against the required minimum wage that is no larger than the applicable minimum wage less $3.63, provided that an employee's tips make up the difference.  Md. Code Ann., Lab. & Empl. § 3-419.

69.     Defendant willfully failed to keep accurate records of all expenses incurred by its employees.

70.     Defendant, pursuant to its policy and practice, violated the MWHL by refusing and failing to pay Plaintiff and the Maryland Class members the applicable Maryland minimum wage after deduction of un-reimbursed vehicle expenses incurred on the job.

71.     Defendant knew or should have known that its reimbursement policy and practice failed to compensate delivery drivers at or above Maryland's minimum wage.

72.     Defendant's violations of the MWHL were repeated, willful, intentional, and in bad faith.

73.     Plaintiff and Maryland Class members are victims of a uniform and employer-based compensation policy that has been applied to all delivery driver employees employed by Defendant in Maryland.

74.     Plaintiff and Maryland Class members are entitled to damages equal to the difference between the applicable minimum wage and actual wages received after deduction for job-related expenses, liquidated damages equal to the amount of any such underpayments, as well as to reasonable attorneys' fees, costs, and expenses.  Md. Code Ann., Lab. & Empl. § 3-427(a).

**COUNT III - VIOLATION OF THE**
**MARYLAND WAGE PAYMENT AND COLLECTION LAW**
**(On Behalf Of Plaintiff And The Maryland Class)**

75.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing allegations as though fully set forth herein.

76.     At all relevant times, Defendant was the "employer" of Plaintiff and members of the Maryland Class as the term is defined in the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501.

77.     At all relevant times, Plaintiff and the Maryland Class members were Defendant's "employees" as the term is used in the MWPCL, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*

78.     The MWPCL requires that every employer, at least semimonthly, pay every employee all wages earned during the preceding pay period, as well as pay final compensation of all wages owed at the time of separation.  Md. Code Ann., Lab. & Empl. §§ 3-502 & 3-505.

79.     During the applicable statute of limitations, by the course of conduct set forth above, Defendant failed to pay Plaintiff and Maryland Class members all wages due in violation of the MWPCL, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*

80.     Defendant knew or should have known that its reimbursement policy and practice caused it to violate the MWPCL, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*

81.     Defendant's violations of the MWPCL were repeated, willful, intentional, and in bad faith.

82.     Because Defendants withheld the wages of an employee in violation of the MWPCL and not as a result of a bona fide dispute, Plaintiff is entitled to recover three times the wages due, as well as reasonable attorneys' fees and costs.  Md. Code Ann., Lab. & Empl. §§ 3-507.2.

## COUNT IV - UNJUST ENRICHMENT
### (On Behalf Of Plaintiff And The Maryland Class)

83.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing allegations as though fully set forth herein.

84.     Plaintiff and all other members of the Maryland Class have conferred benefits on Defendant by delivering pizza and other goods in exchange for the minimum wage.  By under-reimbursing its drivers for their expenses, Defendant knowingly and willingly obtained monetary benefits from Plaintiff and the Maryland Class members to which it was not entitled.

85.     Under the circumstances described herein, it is inequitable for Defendant to retain this monetary benefit at the expenses of Plaintiff and the Maryland Class members.

86.     By engaging in the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiff and the Maryland Class members and is required, in equity and good conscience, to compensate Plaintiff and the Maryland Class members for harm suffered as a result of its actions.

87.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the Maryland Class members have suffered injury and are entitled to reimbursement, restitution, and disgorgement by Defendant of the benefit conferred by Plaintiff and the Maryland Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for an Order:

   A.  certifying this matter to proceed as a class action;

   B.  approving Plaintiff as adequate class representative of the proposed Maryland Class;

C.  appointing Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Morgan & Morgan, P.A. to serve as Class Counsel;

D.  requiring Defendant to provide the names and current (or best known) addresses of all members of the identified Collective and Maryland Class;

E.  authorizing Class Counsel to issue a notice informing the Maryland Class members that this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

F.  finding that Defendant willfully violated the applicable provisions of the FLSA by failing to pay all required wages to Plaintiff and the members of the Collective;

G.  finding that Defendant willfully violated the applicable provisions of the MWHA by failing to pay all required wages to Plaintiff and the Maryland Class members;

H.  finding that Defendant willfully violated the applicable provisions of the MWPCL by failing to pay all required wages to Plaintiff and the Maryland Class members;

I.  granting judgment in favor of Plaintiff and the members of the Collective and Maryland Class on all Counts;

J.  awarding all available compensatory damages provided by the FLSA, MWHL, and MWPCL, in an amount to be determined;

K.  awarding liquidated damages equal to the compensatory damages provided by the FLSA;

L.  awarding liquidated damages equal to the compensatory damages provided by the MWHL;

M.  awarding liquidated damages equal to two times the compensatory damages provided by the MWPCL;

N. awarding reasonable attorneys' fees and reimbursement of all costs and expenses incurred in litigating this action;

O. awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

P. awarding any further relief the Court deems just, necessary, and proper;

Q. granting leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

R. maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: August 14, 2017

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

By: */s/Michael N. Hanna*
     MICHAEL N. HANNA, Esq. P81462
     600 N Pine Island Road
     Suite 400
     Plantation, FL 33324
     Telephone:  (954) 318-0268
     Facsimile:  (954) 327-3015
     mhanna@forthepeople.com
     C. Ryan Morgan
     FL Bar No.  15527
     (*Pro Hac Vice* application forthcoming)
     20 North Orange Avenue, 14th Floor
     P.O. Box 4979
     Orlando, FL 32802-4979
     Telephone: (407) 420-1414
     Facsimile: (407) 245-3401
     RMorgan@ForThePeople.com

Jeremiah Frei-Pearson
NY Bar No.  JF1509
(*Pro Hac Vice* application forthcoming)
Antonino B. Roman
(*Pro Hac Vice* application forthcoming)
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Telephone: (914) 298-3281
Facsimile: (845) 562-3492
jfrei-pearson@fbfglaw.com
aroman@fbfglaw.com
*Attorneys for Plaintiff*
*and the Putative Class & Collective Actions*